UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NICHOLAS SYLVE                                    CIVIL ACTION

VERSUS                                            NO. 22-1016-BAJ-RLB

UNITED PROPERTY & CASUALTY
INSURANCE COMPANY

### ORDER

Before the Court is Defendant United Property & Casualty Insurance Company's ("UPCIC") Notice of Filing Consent Order of Liquidation, Notice of Automatic and Permanent Stay as to United Property & Casualty Insurance Company. (R. Doc. 12).

This is an action for recovery under an insurance policy issued by UPCIC. (R. Doc. 1). There is no dispute that this Court can exercise diversity jurisdiction under 28 U.S.C. § 1332.

On March 2, 2023, UPCIC filed the instant Notice. Attached to the Notice is a "Consent Order Appointing the Florida Department of Financial Services as Receiver of United Property & Casualty Insurance Company for Purposes of Liquidation, Injunction, and Notice of Automatic Stay" issued on February 27, 2023 by the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida (Case No. 2023-CA-000320) ("Consent Order"). (*See* R. Doc. 12-1). The Consent Order concludes that UPCIC is insolvent and subject to liquidation, appoints the Florida Department of Financial Services as Receiver of UPCIC for the purposes of liquidation, and prohibits the continuation of any judicial procedures against UPCIC or its assets in accordance with the Florida Insurers Rehabilitation and Liquidation Act. Fla. Stat. Ann. § 631.001, *et seq*.

UPCIC suggests that this federal action is stayed by operation of both (1) the terms of the Consent Order and (2) La. R.S. 22:2068(A), which provides that "[a]ll proceedings in which the insolvent insurer is a party . . . in any court in this state shall be stayed for six months and such additional time as may be determined by the court from the date the insolvency is determined to permit proper defense by the [Louisiana Insurance Guaranty Association] of all pending causes of action."

While UPCIC does not reference any federal law compelling a stay of this action, the Fifth Circuit's decision in *Anshutz v. J. Ray McDermott Co., Inc.*, 642 F.2d 94 (5th Cir. 1981) is instructive. In that decision, the Fifth Circuit considered whether it should stay an appeal in light of a state-court order that placed the insurer-defendant in liquidation. The *Anshutz* court stayed the appeal, noting that "[r]ecognition by this Court of the effectuation of the liquidation of this insurance company by the State of Illinois is in accordance with the federal policy which directs that the control over the insurance business remain[s] in the hands of the states." *Id.* at 95. The *Anshutz* court went on to note that "[a]n orderly liquidation requires that this Court not interfere with the order of the Circuit Court of Cook County." *Id. See also Clark v. Fitzgibbons*, 105 F.3d 1049, 1051 (5th Cir. 1997) (affirming dismissal of action, under the *Burford* abstention doctrine and full faith and credit given to Arizona receivership court's order, where "permitting the Texas plaintiffs to proceed in federal court would undermine the comprehensive apparatus established by the state of Arizona for the orderly disposition of claims against insolvent insurance companies"); *Neal v. Avondale Indus., Inc.*, No. 20-172-RLB, 2021 WL 2896082, at *2 (M.D. La. June 16, 2021) (in asbestos action with multiple defendants, staying proceedings with respect to insurance company in light of Pennsylvania state order declaring the insurance company

insolvent and placing it in liquidation, and administratively closing action for six-month period under the Court's discretionary powers without resolving whether Louisiana Revised Statute 22:2068(A) was applicable).

Finally, Plaintiff's counsel has informed undersigned's chambers that Plaintiff does not oppose the issuance of a stay of these proceedings in accordance with the Consent Order.

Based on the foregoing,

**IT IS ORDERED** that the above-captioned action is **STAYED AND ADMINISTRATIVELY CLOSED**. This matter is **STAYED AND ADMINISTRATIVELY CLOSED** for six (6) months, or until September 16, 2023. Should further proceedings in this matter become necessary, a written motion to reopen shall be filed. Each party will bear its own costs.

Signed in Baton Rouge, Louisiana, on March 16, 2023.

 

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**